# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

Federated Mutual Insurance Company, )
                       Plaintiff, )
vs. ) No. 11-0172-CV-W-FJG
Peery's Auto Parts, L.L.C., et al., )
                       Defendants. )

**ORDER**

Pending before the Court are (1) Defendants' Motion to Dismiss, or in the Alternative, Motion to Stay (Doc. No. 49); and (2) Defendants' Motions to Depose Plaintiff's Expert Randall H. Wilson, C.P.A. (Doc. Nos. 50 and 51).

**I.     Background**

On November 24, 2010, plaintiff filed its Complaint for Declaratory Judgment (Doc. No. 1) in the United States District Court for the Eastern District of Missouri. On February 11, 2011, defendants' motion to transfer venue to the Western District of Missouri was granted. See Order, Doc. No. 10. On February 22, 2011, defendants filed an answer to plaintiff's complaint which included counterclaims for breach of contract and vexatious refusal to pay. See Doc. No. 15.

On April 4, 2011, the Court entered its Scheduling and Trial Order (Doc. No. 21). On August 19, 2011, the parties filed a joint motion to amend the scheduling order, and on September 2, 2011, the Court entered its Amended Scheduling and Trial Order (Doc. No. 27), which adopted the parties' proposals for deadlines for close of discovery and the filing of summary judgment motions. According to the Court's Amended Scheduling and Trial Order, both discovery and summary judgment motions were due Friday, December 9, 2011. See Doc. No. 27.

After months of very little filing activity on ECF, new counsel for defendants entered an appearance on November 3, 2011. Thereafter, defendants moved for an extension of time to modify the scheduling order and trial date, requesting (among other things) that the Court modify expert disclosure deadlines that had expired so that newly-retained counsel could have an opportunity to become familiar with the matter before engaging in depositions and other discovery. That motion was denied by the Court on November 21, 2011 (Doc. No. 42). The very next day, November 22, 2011, defendants noticed the depositions of four individuals in the matter currently pending before this Court. Defendants also filed a Petition in the Circuit Court of Polk County, Missouri on November 22, 2011, for breach of insurance contract and vexatious refusal to pay (the same causes of action that remain pending as counterclaims in the case pending before this Court).[1]

On November 23, 2011, defendants filed the pending Motion to Dismiss, or in the Alternative, Motion to Stay (Doc. No. 49), arguing that this Court should stay or dismiss the declaratory judgment action that has been pending in this Court for nearly a year and is set for trial in April 2012, in favor of the state court action filed by defendants on November 22, 2011. Thereafter, on November 28, 2011, defendants' filed their motions to take the deposition of plaintiff's expert (Doc. Nos. 50 and 51).

Following a discovery dispute teleconference held on December 5, 2011, the Court held that it would not allow defendants' late-filed discovery or consider defendants' late-filed

---

[1] The Court, through its independent review of ECF, has discovered that Federated Mutual Insurance Company filed a notice of removal as to the state court suit on December 29, 2011. See Peery's Auto Parts, L.L.C. et al. v. Federated Mutual Insurance Company, Case No. 11-1295-JCE, Doc. No. 1. Although both suits now are pending in federal court in the Western District of Missouri, the Court will refer to Case No. 11-1295 as the "state court" suit throughout this Order.

2

discovery disputes absent a sufficient explanation as to why defendants could not complete discovery in a timely fashion. See Order, Doc. No. 56. On December 9, 2011, the Court denied defendants' motion to renew its motion for extension of discovery deadlines (Doc. No. 67).

**II.   Defendants' Motion to Dismiss, or in the Alternative, Motion to Stay (Doc. No. 49)**

   A.   Standard

The Declaratory Judgment Act gives the Court discretion to determine whether to exercise jurisdiction or to abstain in favor of a parallel state court proceeding. Capitol Indem. Corp. v. Haverfield, 218 F.3d 872, 874 (8th Cir. 2000). District courts are not required to exercise their jurisdiction under the Declaratory Judgment Act. United States Fidelity & Guaranty Co. v. Murphy Oil USA, 21 F.3d 259, 260-61 (8th Cir. 1994). However, "[t]he discretionary nature of the district court's exercise of jurisdiction in declaratory judgment actions does not mean that the decision to abstain can be made as a matter of whim or personal disinclination." Id. at 261 (quotation omitted). "[O]nly in exceptional circumstances should a district court stay or dismiss a declaratory judgment action subject to parallel state litigation, even if diversity of citizenship is the only jurisdictional foundation." BASF Corp. v. Symington, 50 F.3d 555, 557 (8th Cir. 1995).

Federal courts generally apply the following factors to evaluate jurisdictional issues in declaratory judgment actions: (1) whether one or the other courts has exercised jurisdiction over a res; (2) the inconvenience of the federal forum; (3) whether piecemeal litigation might result; (4) which case has priority; (5) whether federal or state law controls; and (6) the adequacy of the state forum to protect the federal plaintiff's rights. Murphy Oil,

3

21 F.3d at 263 (adopting the Colorado River/Moses H. Cone exceptional circumstances factors for use in declaratory judgment cases). "These factors are not intended to be exhaustive, nor are they to be mechanically applied." Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Cooperatives, Inc., 48 F.3d 294, 297 (8th Cir. 1995).

  B. Analysis

Defendants argue that both the state and federal actions involve the same parties, the same issues, the same insurance policy, and the same claims and defenses. Defendants further argue that the primary issue in this case is an insurance policy dispute, which is a matter of state law, and that all matters in controversy could be fully adjudicated in the state court proceeding, and that the state proceeding is adequate to fully protect plaintiff's rights. Defendants further argue that the state court action is more convenient in that the subject property where the loss occurred is located in the county in which the action was brought, and access to witnesses is greater.

Plaintiff opposes, indicating that the newly filed suit is closely related, if not identical, to litigation already pending before this court. Plaintiff notes that, despite the litigation pending in federal court since November 2010, defendants chose to file a parallel state court action only after the Court denied defendants' motion to amend the scheduling and trial order (and after defendants had allowed the deadline to file expert affidavits and rebuttal affidavits to expire). Plaintiff argues that the doctrine of judicial estoppel should be applied to prevent the defendants from circumventing the Court's Scheduling and Trial Order, given that defendants have stipulated to the jurisdiction of this Court (see Doc. No. 64) and have previously agreed to the deadlines in the Court's Amended Scheduling and Trial Order. Plaintiff also argues that allowing defendants to dismiss or stay the current

lawsuit so that the state court suit can proceed would be prejudicial to plaintiff, as plaintiff would have to duplicate efforts in preparing the matter for trial.

In reply, defendants argue that judicial estoppel is not appropriate in the instant matter.[2] Defendants further argue that proceeding in state court would not highly prejudice plaintiff, as the discovery that has been conducted in the present lawsuit could be used in the state court lawsuit, and no new expenses need to be incurred.

The Court finds that defendants' motion to dismiss or stay (Doc. No. 49) should be **DENIED.** In the Court's opinion, the filing of the parallel state court action nearly a year after the current action was filed appears to be a blatant attempt to avoid the Court's Orders regarding the Scheduling and Trial Order. In applying the factors relevant to the evaluation of jurisdictional issues in declaratory judgment actions, this Court finds: (1) there is no issue as to whether any court has exercised jurisdiction over a res; (2) the federal forum is not particularly inconvenient to either party (particularly when the "state court" action has been removed to federal court, see fn. 1, supra); (3) although piecemeal litigation might result, it is likely that the current matter will be resolved sooner than the state court matter (especially given that summary judgment motions in the current matter should be ready to rule on or before January 20, 2012); (4) the current matter has priority over the state court matter, as it has made significant progress with summary judgment motions that will be ready to rule this month and a trial setting in April 2012; (5) although

---

[2]On this point, the Court agrees; the Court has discretion to determine whether to exercise jurisdiction or abstain from such jurisdiction in the declaratory judgment action, and that is the only determination the Court has been asked to make at this time (for instance, the Court has not been asked to dismiss the state court suit in favor of the present lawsuit).

state law controls, this Court has significant experience in applying the law of Missouri (and, further, this factor is of less importance now that the state court action has been removed to federal court, see fn. 1, supra); and (6) state and federal courts would both protect plaintiff's rights. As for non-enumerated factors, the Court believes the filing of the state action was made for a tactical reason, namely to avoid the consequences of this Court's discovery rulings. Accordingly, the Court, in its discretion, finds the enumerated and non-enumerated factors lean in favor of the Court retaining jurisdiction over the current matter and proceeding to trial. Defendants' motion to dismiss or stay (Doc. No. 49) is **DENIED.**

### III. Defendants' Motions to Depose Plaintiff's Expert Randall H. Wilson, C.P.A. (Doc. Nos. 50 and 51)

Defendants seek to take the deposition of plaintiff's expert Randall H. Wilson, C.P.A. Mr. Wilson's report was produced on September 29, 2011. After defendants missed the deadline for filing their expert affidavits and rebuttal affidavits, defendants' filed the pending motions to take Mr. Wilson's deposition, arguing that a deposition is needed because (1) Wilson did not define the term "material misrepresentations" in his report; (2) Wilson was selective in the discovery relied upon in his report and "ignored" other discovery; (3) Wilson does not resolve questions regarding equipment and Proof of Loss listing; and (4) Wilson does not appear to have calculated the damages for business interruption in accordance with the provisions of the insurance policy. Defendants assert that a deposition is necessary on these issues in order to prepare for defense at trial.

The Court does not agree with defendants that a discovery deposition is necessary. The Court has reviewed Mr. Wilson's report, and it appears to be largely complete on its face. It appears from these motions that defendants were able to identify disputed areas

6

within the expert report <u>without</u> relying upon further discovery.  Defendants could have filed timely objections or <u>Daubert</u> motions, but they did not.  Furthermore, the areas of the report that defendants dispute appear to relate to the factual basis of Mr. Wilson's opinion.  The factual basis underlying an expert's opinion goes toward the credibility and not the admissibility of the testimony and may be challenged by the opposing party on cross-examination.  <u>Minnesota Supply Co. v. Raymond Corp.</u>, 472 F.3d 524, 544 (8th Cir. 2006).  Needless to say, defendants appear to be equipped to cross-examine the expert on these areas without the need for additional discovery.

Accordingly, defendants' motions to depose plaintiff's expert (Doc. Nos. 50 and 51) are **DENIED.**

IV. **Conclusion**

Accordingly, for the above stated reasons, it is ORDERED that:

(1) Defendants' Motion to Dismiss, or in the Alternative, Motion to Stay (Doc. No. 49) is **DENIED**; and

(2) Defendants' Motions to Depose Plaintiff's Expert Randall H. Wilson, C.P.A. (Doc. Nos. 50 and 51) are **DENIED.**

**IT IS SO ORDERED.**

/s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated:  1/6/2012
Kansas City, Missouri