IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| FEDERATED MUTUAL INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-00172-CV-W-FJG |
| | ) | |
| PEERY'S AUTO PARTS, L.L.C., | ) | |
| C&A AUTOMOTIVE, INC., | ) | |
| DEBBIE PEERY, CODY PEERY, | ) | |
| ABBY PEERY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

Pending before the Court is the Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. No. 69). Upon its review of the motion, suggestions in support, suggestions in opposition, and reply suggestions, the Court finds that Defendants' Motion to Dismiss should be **DENIED**, as Plaintiff pleaded enough facts in its Complaint from which inferences supporting a plausible cause of action arise. Reynolds v. Dormire, 636 F.3d 976, 979 (8th Cir. 2011) (holding that when reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court affords the plaintiff all reasonable inferences that can be drawn from those allegations). Plaintiff's request for sanctions against defendants (see Doc. No. 81) will be **DENIED**, however, as it is a very close question as to whether plaintiff has properly pled a cause of action as to the individual defendants.

Based on the state of the file to-date, however, the Court is concerned that plaintiff may not be planning to adequately prepare a case for trial as to each of the individual

defendants. See Doc. No. 100, Plaintiff's Proposed Instructions, which do not include separate instructions on unjust enrichment, piercing the corporate veil, or any other theories that might lead to a viable claim against each of the individual defendants, and instead list the defendants throughout as "Peery's Auto Parts, L.L.C. et al." These proposed jury instructions are obviously improper, as the Court can easily imagine how, under the facts of this case, the finder of fact could determine that one or more of the individual defendants may not be involved with the underwriting or procurement of the underlying policy in this case.

Accordingly, the Court has concluded that the plaintiff should prepare an Executive Summary of its claims so that the Court may more efficiently consider plaintiff's claims and possibly narrow the issues to be decided at trial.

As to each party and claim in its Complaint, plaintiff **SHALL** provide the following information to the Court: (1) the elements needed to be proven for a submissible case; (2) concise and non-argumentative references to evidence that supports the necessary elements; and (3) citations to legal authority supporting this claim, specifically referencing its respective summary judgment motion/response/reply briefing as needed. Plaintiff's Executive Summary as to all claims and defendants shall be no longer than fifteen pages, in 12-point font, and double-spaced. Plaintiff shall submit its Executive Summary on or before **Tuesday, March 20, 2012**.

Following submission of the Executive Summary, defendants **SHALL** submit Opposition to the Executive Summary. Defendants' joint Opposition **SHALL** provide the following information to the Court: (1) a brief examination of which facts in the Executive Summary are disputed; (2) citations from the pleadings/discovery as to why the causes of

action are erroneous or not supported by facts and/or evidence; and (3) legal authority for their opposition, which may reference their summary judgment motion/response/reply briefing as needed. Again, defendants' joint Opposition shall be no longer than fifteen pages, in 12-point font, and double-spaced. The defendants shall submit their Opposition on or before **Tuesday, March 27, 2012**.

**IT IS SO ORDERED.**

Date: March 2, 2012                _/s/ **Fernando J. Gaitan, Jr.**_
Kansas City, Missouri            Fernando J. Gaitan, Jr.
                                                  Chief United States District Judge