# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Federated Mutual Insurance Company, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 11-0172-CV-W-FJG |
| ) | |
| Peery's Auto Parts, L.L.C., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court are (1) Defendants' Motion to Amend its Witness List by Substituting a Witness (Doc. No. 156); (2) Defendants' Motion to add Exhibit (Doc. No. 166); and (3) Plaintiff's Motion to Strike Defendants Debbie, Cody, and Abby Peery's Motion to Reconsider their Motion to Dismiss and Defendant Perry [sic] Auto, LLC's Motion to Dismiss (Doc. No. 177). Each will be considered below.

**I.     Defendants' Motion to Amend its Witness List by Substituting a Witness (Doc. No. 156)**

Defendants move for an order allowing them to remove the name of James A. Novack, CPA from their witness lists (Doc. Nos. 71, 74, and 76) and substitute the name of Carmen M. Owen of the Office of James A. Novack, CPA, on their witness lists. Defendants' counsel indicate that when they were able to speak with Mr. Novack on February 27, they learned for the first time that he did not prepare C&A Automotive, Inc.'s 2008 tax return, but that Ms. Owen, a member of his office, did. Defendants suggest that substitution of this witness will not extend the time of trial or cause undue surprise to plaintiff, as the witness would be testifying about the 2008 tax return which was provided to plaintiff long ago and is an agreed exhibit. Defendants also note that plaintiff did not seek to depose anyone from the office of James Novack at any time during discovery in this matter.

Plaintiff opposes this motion, stating that there is no good cause for defendants' delay. Plaintiff argues that it is "unusual" that defendants were only able to speak to James Novack at 10:30 p.m. on February 27, and that they ought to have been able to contact him during normal business hours (and, at the very least, should have contacted him before filing their proposed witness list on December 9, 2011). Plaintiff also argues that they will be prejudiced if defendants are allowed to substitute this witness, as plaintiff "has continuously complied with the orders and deadlines provided by this Court," and "[p]laintiff would be prejudiced if Defendants were permitted to ignore the Court's deadlines as this further creates the appearance that they have no respect for the Courts [sic] rules to which everyone else, including Plaintiff, abides." Doc. No. 165, p. 3.

Defendants reply, and this Court agrees, that the "effect of substituting Mr. Novack for Ms. Owen would be zero." Doc. No. 170, p. 2. Although it would have been better practice for defense counsel to contact the office of Mr. Novack sooner, the tax return that is the subject of Ms. Owen's testimony has been in the possession of plaintiff for many months. Plaintiff did not seek to depose Mr. Novack prior to the close of discovery, which could either mean that plaintiff did not believe the testimony to be of great importance or (as defense counsel suggest) plaintiff "knew Carmen Owen prepared the tax return and out of gamesmanship did not seek to depose her." Doc. No. 170, p. 2. In either event, plaintiff has not demonstrated that it would be prejudiced by this substitution, and defendants have demonstrated good cause for the substitution to be made.

Plaintiff further argues in its response to the motion to substitute witness that defendants' supplemental discovery responses should be stricken.[1] Plaintiff notes that defendants filed Amended Responses to Plaintiff's First Request for Admissions and Amended Rule 26(a)(1) Disclosures on February 28, 2012 (see Doc. No. 157, Certificate of Service of amended discovery), and plaintiff argues that defendants "should not be

---

[1]The Court notes this issue should have been raised by plaintiff in a separately-filed motion to strike. However, the Court will consider it here nonetheless.

2

allowed to supplement their discovery just before trial as a response to the strong and now further confirmed evidence Plaintiff has presented and therefore Defendants' supplemental discovery responses should be stricken." Doc. No. 165, pp. 1-2. It appears that defendants' amended discovery responses have changed the amount defendants claim they have spent on debris removal and the averages for accounts receivable; defendants further deny that $3,151.85 is claimed for hydraulic equipment, after initially admitting that claim. Plaintiff argues that defendants have failed to comply with their duty to timely supplement their discovery responses under Rule 26(e). Plaintiff further argues that defendants' shifting positions establish that their original claims were fraudulent.

In response to plaintiff's arguments regarding amended discovery responses, defendants note that they supplemented their disclosures by the deadline imposed by the Court's Amended Scheduling and Trial Order (Doc. No. 27). Thus, defendants indicate that there is no disregard of the Court's deadlines. Defense counsel note that doing their due diligence in preparing for trial, they sought to supplement their disclosures based on information regarding their own damages (related to their counterclaims), not the information on the misrepresentation claims in plaintiff's complaint. As noted by defendants, plaintiff may still put on its evidence as to what defendants claimed to the insurance company prior to the filing of this lawsuit. Finally, defendants note that plaintiff did not plead fraud in its complaint. The Court concurs with defendants that they have sufficiently complied with the Court's Amended Scheduling and Trial Order, and their amended discovery responses will not be stricken.

Therefore, defendants' motion to amend its witness list by substituting a witness (Doc. No. 156) will be **GRANTED** in full.

II.     **Defendants' Motion to Add Exhibit (Doc. No. 166)**

Defendants move for an Order allowing to their Exhibit List Exhibit No. 72, redacted attorney fee statements from defendants' attorneys. Defendants suggest that adding this exhibit will not extend the time of trial nor cause undue surprise to plaintiff since plaintiff

requested copies of attorney fee statements in its requests for production.

Plaintiff opposes this motion, arguing that defendants "are yet again attempting to circumvent and disregard the deadline imposed by this Court." Plaintiff argues that defendants have not shown good cause for adding this exhibit out of time. Plaintiff further indicates that defendants "are attempting to recover their attorneys' fees without providing sufficient information to determine the reasonableness of the requested fees," as defendants have not provided any documentation supporting the reasonableness of the rates they have charged, such as affidavits or expert witnesses. Plaintiff further notes that this Court previously found (in one particular matter in 1998) that an average hourly rate of $136.18 was unreasonable and reduced it to $120.00. See Doc. No. 174, Ex. 1. Plaintiff states that this makes Mr. Gotfredson's rate of $325.00 an hour "extraordinary and outrageous." Doc. No. 174, p. 3.

Defendants reply that (1) an expert is not necessary on the issue of attorneys' fees, as the trial court is considered an expert on the reasonableness of attorneys' fees; (2) there is no need to determine the reasonableness of attorneys fees at the present time, notwithstanding plaintiff's arguments to the contrary; (3) there is no surprise to plaintiff as plaintiff requested copies of attorney fee statements in its requests for production; and (4) defendants previously had a mistaken belief that the issue of attorneys fees would be examined separately by the Court in this matter, but the Court recently denied their motion to bifurcate the trial for a separate determination of penalties and attorneys' fees.

The Court finds that defendants have demonstrated good cause for the Court to allow them to add their redacted attorney fee records as an exhibit. It was not unreasonable for defense counsel to have assumed that the attorney fee determination would be made by the Court after a determination of liability had been made. Additionally, evidence that a party has paid attorney's fees constitutes *prima facie* evidence of their reasonableness under Missouri law, and therefore an expert is not necessary for a party to have a submissible case for attorney's fees. See Eagle v. Redmond Bldg. Corp., 946

4

S.W.2d 291, 292 (Mo. Ct. App. 1997). Further, the Court notes that, although it denied defendants' motion in limine regarding bifurcation of the trial (see Doc. No. 175, p. 15-16), the Court considers its orders on such motions as advisory in nature; in other words, this the Court may reconsider its Order denying the motion for Court determination of attorneys fees (either on its own motion closer to the time of trial or upon the filing of a motion by defendants).

Therefore, defendants' motion to add exhibit (Doc. No. 166) is **GRANTED**.

### III. Plaintiff's Motion to Strike Defendants Debbie, Cody, and Abby Peery's Motion to Reconsider Their Motion to Dismiss and Defendant Perry [sic] Auto, LLC's Motion to Dismiss (Doc. No. 177)

On March 2, 2012, the Court entered an Order (Doc. No. 161) denying defendants' motion to dismiss, but indicating its concerns about plaintiff's case as to each of the individual defendants. The Court directed plaintiff to "prepare an Executive Summary of its claims so that the Court may more efficiently consider plaintiff's claims and possibly narrow the issues to be decided at trial." Doc. No. 161, p. 2. Defendants were directed to file a response to plaintiff's Executive Summary.

Plaintiff filed its Executive Summary in response to the Court's Order on March 19, 2012. Doc. No. 167. Defendants filed their response to plaintiff's Executive Summary on March 27, 2012. Doc. No. 171. On that same date, the individual defendants Abby, Cody, and Debbie Peery filed their motion to reconsider their motion to dismiss for failure to state a claim and defendant Peery Auto, LLC, filed a motion to dismiss for failure to state a claim upon which relief can be granted, incorporating by reference defendants' suggestions in support of their original motion to dismiss and their response to plaintiff's Executive Summary. See Doc. No. 172.

Plaintiff's response to the motion for reconsideration and motion to dismiss was due on April 13, 2012. Instead of filing a response to the motion, plaintiff filed its motion to strike the motion to dismiss and motion for reconsideration as untimely under the Court's

5

Amended Scheduling and Trial Order, which provided that all motions were to be filed no later than December 9, 2011. Plaintiff characterizes defendants' motion for reconsideration and motion to dismiss as an attempt to circumvent the Court's Amended Scheduling and Trial Order. Plaintiff also complains that defendants' motion incorporates by reference materials contained within defendants' response to the Executive Summary, which presents for the first time the piercing the corporate veil argument.

Although the response time for suggestions in opposition to the motion to strike has not passed, the Court finds it does not need to wait for defendants' response to reach a decision on this motion. The Court's Order directing the parties to file Executive Summaries was intended to determine whether the case could be narrowed; in other words, to determine if certain parties named as defendants could be dismissed. The Court identified certain issues that it was concerned about; namely, whether piercing the corporate veil or any other theories might lead to a viable claim against each of the individual defendants. To the extent that defendants' motion is a motion for reconsideration, that motion is not untimely under the Court's Amended Scheduling and Trial Order. To the extent that defendants' motion is a new motion to dismiss by defendant Peery's Auto, LLC or the individual defendants, defendants correctly intuited that the Court was inviting further briefing on whether these defendants belong in this lawsuit at all.

Accordingly, plaintiff's motion to strike (Doc. No. 177) is **DENIED.** Plaintiff shall file a response to defendants' motion (Doc. No. 172) on or before **WEDNESDAY, MAY 2, 2012.**

IV.     **Conclusion**

Accordingly, for the reasons stated above, (1) Defendants' Motion to Amend its Witness List by Substituting a Witness (Doc. No. 156) is **GRANTED**; (2) Defendants' Motion to add Exhibit (Doc. No. 166) is **GRANTED**; (3) Plaintiff's Motion to Strike Defendants Debbie, Cody, and Abby Peery's Motion to Reconsider their Motion to Dismiss and Defendant Perry [sic] Auto, LLC's Motion to Dismiss (Doc. No. 177) is **DENIED**; and

6

(4) plaintiff is directed to file a response to defendants' motion (Doc. No. 172) on or before **WEDNESDAY, MAY 2, 2012**.

**IT IS SO ORDERED.**

/s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated: April 25, 2012
Kansas City, Missouri

7

Case 4:11-cv-00172-FJG   Document 178   Filed 04/25/12   Page 7 of 7