IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| FEDERATED MUTUAL INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-00172-CV-W-FJG |
| | ) | |
| PEERY'S AUTO PARTS, L.L.C., | ) | |
| C&A AUTOMOTIVE, INC., | ) | |
| DEBBIE PEERY, CODY PEERY, and | ) | |
| ABBY PEERY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is Defendants Debbie Peery, Cody Peery, and Abby Peery's Motion to Reconsider Their Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and Defendant Peery Auto, LLC's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. No. 172). Upon its review of the motion, suggestions in opposition, and reply suggestions, the Court finds that Defendants' Motion to Dismiss will be **GRANTED IN PART** with respect to Abby Peery and Cody Peery and **DENIED IN PART** with respect to Debbie Peery and Peery's Auto Parts, L.L.C., as Plaintiff pleaded enough facts from which inferences supporting a plausible cause of action arise with respect to Debbie Peery and Peery's Auto Parts, L.L.C., but not with respect to Abby Peery and Cody Peery.

**I.     Background**

On November 24, 2010, Plaintiff, Federated Mutual Insurance Company (Federated) filed an action for declaratory judgment against Peery's Auto Parts, L.L.C. (Peery's), C&A Automotive Inc. (C&A), Debbie Peery, Abby Peery, and Cody Peery.

1

Peery's Auto Parts was covered under an insurance policy issued by Federated. C&A, a separate business owned by Debbie Peery, was a named insured on that policy. On October 25, 2008, a fire damaged the premises of C&A and Federated paid Peery's Auto Parts $470,036.26 for damages C&A claimed under its insurance policy. Plaintiff alleges that one or more agents of C&A concealed and/or misrepresented material facts regarding the claim and failed to cooperate with Federated's investigation and settlement of the claim. Plaintiff also alleges that Defendants' policy is void and Defendants are barred from recovering under the policy. Thus, Plaintiff made a claim in this declaratory judgment action for unjust enrichment.

On December 9, 2011, Defendants Debbie Peery, Abby Peery, and Cody Peery moved to dismiss for failure to state a claim, which Plaintiff opposed. The Court denied Defendants' motion and requested an Executive Summary from Plaintiff. In response to Plaintiff's Executive Summary, Defendants Debbie Peery, Abby Peery, and Cody Peery, filed a Motion to Reconsider Their Motion to Dismiss for Failure to State a Claim and Defendant Peery's Auto Parts, L.L.C. filed a Motion to Dismiss.

**II.    Standard**

The court reviewing a motion to dismiss for failure to state a claim upon which relief can be granted should afford the plaintiff all reasonable inferences that can be drawn from the allegations and should accept the facts alleged as true. Reynolds v. Dormire, 636 F.3d 976, 979 (8th Cir. 2011); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff is not required to plead specific facts in support of his allegations. Twombly, 550 U.S. at 570. However, the plaintiff must allege sufficient facts "to provide 'grounds' on which the claim rests, and to raise a right to relief above a

2

speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff is required to identify the basis of his claim with more than mere "labels and conclusions" and merely reciting the elements of a claim is not sufficient. Twombly, 550 U.S. at 555. A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. Id. at 562 (quoted case omitted). The standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the claim. Id. at 556.

### III. Analysis

Unjust enrichment occurs when a party retains a benefit conferred on it without paying the reasonable value of the benefit. S & J, Inc. v. McLoud & Co., 108 S.W.3d 765, 768 (Mo. App. 2003). The elements of a claim of unjust enrichment are: (1) a benefit was conferred upon the defendant; (2) at the expense of the plaintiff; and (3) it would be unjust to allow the defendant to retain the benefit. Id.

With respect to the second element, it has been held that a benefit conferred directly on a limited liability corporation benefits the corporation not the owners. Howard v. Turnbull, 316 S.W.3d 431, 436 (Mo. App. 2010), transfer denied (June 29, 2010), transfer denied (Aug. 31, 2010). However, in CCA Global Partners, Inc., v. Yates Carpet, Inc., the court found no evidence that a benefit must be conferred directly from plaintiff to defendant to bring a claim for unjust enrichment in Missouri. No. 4:06 CV 15 JCH, 2006 WL 2883376 at *10 (E.D. Mo. Oct. 5, 2006). Missouri courts, however, have


also found that other considerations are present when restitution is sought from a third party beneficiary rather than a direct beneficiary. Farmers New World Life Insurance Co., Inc. v. Jolley, 747 S.W.2d 704, 706 (Mo. App. 1988). For example, the court may consider whether the beneficiary was a party to the contract, whether the payment was received in good faith, or whether the payment was made voluntarily. Id. at 706-07.

Generally, the third element of the test is the most important. S & J, Inc., 108 S.W.3d at 768. To determine whether retention of the benefit would be unjust, courts consider whether any wrongful conduct by the defendant contributed to the plaintiff's disadvantage. Graves v. Berkowitz, 15 S.W.3d 59, 61 (Mo. App. 2000). The court also considers factors such as change of position, hardship, unreasonable delay, unclean hands, bad faith and other equitable principles of defense. Farmers, 747 S.W.2d at 705. Mere receipt of benefits is not sufficient. Id. at 706. "When the record shows the defendant was a passive beneficiary, unjust enrichment has not occurred." S & J, Inc., 108 S.W.3d at 769. Furthermore, unjust retention of benefits only occurs when the benefits were conferred because of a mistake of fact or through dutiful intervention in another's affairs or under constraint. Howard, 316 S.W.3d at 436.

However, a defendant's good faith and lack of fault do not necessarily preclude restitution, but "may affect the extent to which the defendant is liable." Graves, 15 S.W.3d at 61. In cases where an insurance company has paid a claim based on a mistake of fact and cannot recover the full amount of the claim from the insured beneficiary, Missouri courts have held that a third party beneficiary, who was not a party to the contract, should not be liable for repayment. Farmers, 747 S.W.2d at 707.

    a. Debbie Peery

4

Case 4:11-cv-00172-FJG   Document 190   Filed 07/26/12   Page 4 of 8

Considering the facts asserted in both the Complaint and in Plaintiff's Executive Summary, Plaintiff has met its burden with respect to defendant Debbie Peery. In its Complaint, Plaintiff pled facts in support of the first element of unjust enrichment by showing that Debbie Peery received a benefit of $40,000. In this case, Debbie Peery's $40,000 dividend payment came at the expense of C&A, not the Plaintiff. However, Plaintiff has asserted that C&A was directly benefitted by the Plaintiff and that Debbie would not have benefited in the absence of the transaction between Federated and C&A.[1] Thus, Plaintiff has satisfied the second element by alleging that Debbie indirectly benefitted at the expense of the Plaintiff.

The Complaint is silent with respect to the third element, but in its Executive Summary, Plaintiff asserted that Debbie, acting on behalf of C&A, engaged in wrongful conduct by misrepresenting the value of C&A's insurance claims to Federated. At this stage of litigation, these assertions regarding Debbie's allegedly misleading acts are sufficient with respect to the third element of Plaintiff's claim. As a result, Plaintiff has asserted enough facts in support of the elements of a claim of unjust enrichment with respect to Debbie Peery.

b. Abby Peery

The first element of a claim of unjust enrichment is that the Defendant received a benefit. Abby benefitted from a dividend payment of $40,000. The second element

---

[1] From the record, it is not clear whether Peery's Auto Parts or C&A Automotive was the direct beneficiary of Federated's payment. The Complaint states that Federated paid Peery's Auto Parts on behalf of C&A but in Plaintiff's Executive Summary, Doc. No. 167, Plaintiff states several times that Federated paid C&A and refers to Doc. No. 60-18, an insurance statement listing the amounts paid on C&A's claim. Doc. No. 167 at 3, 7, 8, 9. The Plaintiff has submitted documents showing that the money was distributed from C&A to the individual defendants and not from Peery's. Doc. No. 60-26 at 4-7. However, Debbie Peery's Examination Under Oath revealed that Federated's payments were deposited into Peery's Auto Parts' bank account and Peery's' bank statements reflect receipt of those payments. Doc. No. 60-10 at 182; Doc. No. 60-28. Thus, it appears that the payment can be traced from Federated to Peery's Auto Parts to C&A to Debbie, Abby, and Cody Peery.

5

requires the Plaintiff to prove that it conferred a benefit on the defendant. In this case, Plaintiff has asserted that Abby Peery received an indirect benefit from Federated's payment to C&A. Additionally, one can infer that without the mistaken payment to C&A, no benefit would have been conferred on Abby.

With respect to the third element, Plaintiff's pleadings do not support an inference that Abby did anything other than receive a benefit from C&A. The facts alleged do not indicate that Abby participated in any wrongdoing, was a party to the contract between Federated and C&A or Peery's, or was personally expected to reimburse Federated for its losses. Abby's passive receipt of the benefit, without any fault or undue advantage on her part, does not establish that her retention of the benefit would be unjust. Farmers, 747 S.W.2d at 706. Furthermore, the fact that Federated cannot recover its payment from C&A does not make Abby, a third party who received a portion of the settlement but was not a party to the contract, liable. Id. at 707. Plaintiff's conclusory statements that Abby's retention of the benefit would be unjust do not suffice at this stage of litigation. Thus, Plaintiff has not pled sufficient facts to support the allegation that it would be unjust for Abby to retain the benefit.

c. Cody Peery

Plaintiff's claim for unjust enrichment against Cody Peery fails for the same reasons as Plaintiff's claim against Abby Peery.

d. Peery's Auto Parts, L.L.C.

In its Complaint, Plaintiff pled the first two elements of unjust enrichment by stating that it paid Peery's Auto Parts $470,000 on behalf of C&A.[2] In support of the

---

[2] Plaintiff, in its Executive Summary states that Peery's received the benefit of hydraulic equipment but makes no mention of the benefit of the $470,000 payment referred to in the Complaint. Doc. No. 167 at 7. However,

6

third element, Plaintiff established in its pleadings that Peery's was a party to the insurance contract between Federated and C&A, but made no assertion that Peery's was involved in the misrepresentation of the claim or in any alleged wrongdoing. However, Debbie's Examination Under Oath revealed that Peery's Auto Parts submitted some of the claims to Federated and that the Federated checks were deposited into Peery's' bank account. Doc. No. 60-10 at 112-14, 182-83. Further, in Plaintiff's Executive Summary, Plaintiff asserted that C&A submitted Peery's business records as an indication of C&A's lost accounts receivable. Doc. No. 167 at 4. Two reasonable inferences from these assertions are that Peery's had notice that it may be liable to Federated under the insurance contract and that Peery's participated in misrepresenting the claim.

Plaintiff has asserted facts to support the conclusion that it may be unjust to allow Peery's to retain the benefit bestowed on it without paying its reasonable expense. Thus, Plaintiff has alleged sufficient facts to support a claim of unjust enrichment against Peery's.

## IV.     Conclusion

Defendants' Motion to Dismiss is **GRANTED IN PART** with respect to Defendants Abby Peery and Cody Peery because Plaintiff has not alleged facts sufficient to sustain a claim of unjust enrichment against the individual defendants.

Defendants' Motion to Dismiss is **DENIED IN PART** with respect to Debbie Peery and Peery's Auto Parts because Plaintiff has set forth sufficient facts in support of the

---

Debbie Peery's Examination Under Oath confirmed that Federated's payments were deposited into Peery's Auto Parts' bank account and Peery's' bank statements reflect receipt of those payments. Doc. No. 60-10 at 182; Doc. No. 60-28.

7

requisite elements of a claim of unjust enrichment against these defendants.

**IT IS SO ORDERED.**

Date: July 26, 2012                                             **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                                  Fernando J. Gaitan, Jr.
                                                                                    Chief United States District Judge